# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN BONNER,

    Plaintiff,                            Civil Action No. 2:17-14094

v.                                       HONORABLE SEAN F. COX
                                              UNITED STATES DISTRICT COURT

JENEE NICOLE REED, ET. AL.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Brian Bonner's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is an inmate incarcerated at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

    (B) the action or appeal:

1

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that the defendants in this case have destroyed evidence that he had in his possession that was material to a current lawsuit that he has pending before Chief Judge Denise Page Hood in Case # 2:17-CV-11694, as well as in eight other unnamed cases. Plaintiff claims that this evidence was on a camera, camcorder, and a megapixel. Plaintiff does not specify which of the defendants destroyed which items of evidence, nor does he allege how any of this evidence is relevant to any of his court actions or how he has been harmed by the confiscation or destruction of these materials.

### IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, plaintiff has failed to allege any facts which show each individual defendant's personal involvement or responsibility in the alleged constitutional violations.

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978)(Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995)(plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual

3

basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education*, 76 F. 3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F. 2d 246, 251 (6th Cir. 1983). Although plaintiff has listed numerous defendants in the caption of his complaint, he did not identify them or explain their roles in the alleged violations in the body of his complaint. The complaint is therefore subject to summary dismissal pursuant to § 1915(e)(2)(B). *See Asberry v. Bisig,* 70 F. App'x. 247, 248-49 (6th Cir. 2003). Stated differently, the complaint is subject to dismissal because plaintiff failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights. *See Frazier v. Michigan,* 41 F. App'x. 762, 764 (6th Cir. 2002); *see also Branham v. Jabe*, 853 F. 2d 926 (Table), 1988 WL 81713, * 1 (6th Cir. Aug. 5, 1988)(district court properly granted summary judgment where prisoner in civil rights case failed to allege any personal involvement on the part of the defendants in the events complained of).

Plaintiff's claim fails for a second reason. Plaintiff is essentially arguing that the destruction of this evidence is preventing him from pursuing litigation in several cases. In order to state a claim for denial of meaningful access to the courts, a prisoner must plead and prove prejudice stemming from the asserted violation. *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996); *See also Boswell v. Mayer*, 169 F. 3d 384, 387 (6th Cir. 1999). Where a plaintiff in a civil rights suit fails to allege any litigation related detriment, his claim is

properly dismissed. *Pilgrim,* 92 F. 3d at 416.

Plaintiff has failed to adequately plead or prove prejudice stemming from the alleged destruction of these legal materials. Although plaintiff on page 6 of his complaint lists several items of evidence, he does not make any argument as to how any of this evidence is material to his case before Chief Judge Hood. The complaint is subject to dismissal because plaintiff failed to plead or establish that he suffered any specific harm or prejudice in his lawsuit from the alleged destruction of his legal materials. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 772 (E.D. Mich. 2009). Plaintiff is not entitled to relief on his claim.

## V.  ORDER

**IT IS HEREBY ORDERED** that Plaintiff's civil rights complaint [docket entry 1] is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED** that any appeal taken would not be done in good faith. See 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d at 604.

**SO ORDERED.**

Dated:  March 7, 2018                               s/Sean F. Cox
                                                                  Sean F. Cox
                                                                  U. S. District Judge


I hereby certify that on March 7, 2018, the foregoing document was served on counsel of record via electronic means and upon Brian Bonner  via First Class mail at the address below:

Brian Bonner

397095
420 W. Mount Hope
Lansing, MI 48911

                                                  s/J. McCoy
                                                  Case Manager